UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Adrian Nowak<br><br>Plaintiff<br><br>vs.<br><br>My Expert Personal Computer, LLC<br>dba iCity Repair dba The Fix and<br>and Ian Scherzer, individually<br><br>Defendants / Counterclaimants / Third-Party Plaintiffs<br><br>vs.<br><br>Freddie Lindvor & ABC Corps 1-10<br><br>Third-Party Defendants | Civil Action No. 3:19-cv-08952-BRM-TJB |

**ANSWER, COUNTERCLAIM & THIRD PARTY COMPLAINT**

Daryl J. Kipnis (SBN 028312006)
dkipnis@kipnislawoffices.com
KIPNIS LAW OFFICES
220 Davidson Ave. 3rd Floor Ste 3C
Somerset, NJ 08873
Telephone: (732) 595-5298
Fax: (732) 412-7925
Attorney for Defendants

1

Defendants, My Expert Personal Computer, LLC and Ian Scherzer, individually, responds to the Complaint as follows:

## I. LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

Adrian Nowak
c/o Andrew Glenn, Esq.
Jaffe Glenn Law Group, P.A.
301 N. Harrison St., Suite 9F #306
Princeton, NJ 08540


My Expert Personal Computer, LLC
24 Shelley Rd.
Kendall Park, NJ 08824

Ian Scherzer
24 Shelley Rd.
Kendall Park, NJ 08824

Freddie Lindvor
615 Lincoln Ave.
Manville, NJ 08835

## INTRODUCTION

1. Defendants deny any violation of any provision of Statute or Common Law.

2. Defendants repeat Paragraph 1 above and deny that Plaintiff sustained any damages or there are any other persons "similarly situated" with respect to the allegations made by Defendant.

3. Denied.

4. Denied.

## JURISDICTION AND VENUE

5. Admitted as to subject matter jurisdiction only.

6. Admitted as to subject matter jurisdiction only.

7. Admitted as to venue.

8. Admitted as to personal jurisdiction only.

9. Admitted as to participation in interstate commerce only.

## PARTIES

**Plaintiff**

10. Admitted.

11. Admitted to the extent Plaintiff was an employee of several different business entities in which Defendant Ian Scherzer has an ownership interest: BC Cells, LLC D/B/A The Fix; Bling Bling Accessories, LLC d/b/a Rhino Shield, My Expert Personal Computer, LLC d/b/a iCity Repair; BWC CBD, LLC and HH Queens, LLC.

**Corporate Defendants**

12. Admitted, except, provided, however, that My Expert Personal Computer, LLC does not dba as "The Fix".

13. Admitted as to corporate Defendant.

**Individual Defendants.**

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. This paragraph makes a legal conclusion rather than an allegation of fact and therefore Defendants are unable to admit or deny same. All questions of law are referred to the Court for disposition.

**COLLECTIVE ALLEGATIONS**

20. This paragraph makes a legal conclusion rather than an allegation of fact and therefore Defendants are unable to admit or deny same. All questions of law are referred to the Court for disposition.

21. Denied as to the existence of any "similarly situated employees" to Plaintiff.

22. Denied.

23. Denied.

24. Denied.

25. Denied. Defendants do not operate a restaurant.

26. Denied.

## FACTS

27. Admitted, however denied as to the existence of any members of a putative class.

28. Denied. Plaintiff specifically requested that he be paid in cash and was required to keep accurate records of his hours worked as a condition of payment. Plaintiff failed to keep said records.

29. Denied.

30. Admitted.

31. Denied. Again, Plaintiff failed to keep accurate records of his hours worked.

32. Admitted.

33. Denied. Plaintiff failed to keep accurate records of his hours worked.

34. Denied.

35. Denied.

36. Denied as to the existence of any similarly situated employees and to whether Plaintiff spent all alleged hours "performing. . .duties for the benefit of and on behalf of Defendants." Admitted to the extent that Plaintiff was an employee of the various business entities named in Paragraph 11 above.

37. Denied.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FLSA

38. Defendants repeat and rely upon their responses to each of the allegations raised by Plaintiff above as if fully set forth herein.

39. This paragraph calls for legal interpretation and/or conclusion and is not an allegation of fact. It does not allege the number of overtime hours worked by Plaintiff for which he claims he was not compensated. Defendants are therefore unable to admit or deny this paragraph and leaves Plaintiff to his proofs.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT II – RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE NJWHL

45. Defendants repeat and rely upon their responses to each of the allegations raised by Plaintiff above as if fully set forth herein.

46. This paragraph calls for legal interpretation and/or conclusion and is not an allegation of fact. It does not allege the number of overtime hours worked by Plaintiff for which he claims he was not compensated. Defendants are therefore unable to admit or deny this paragraph and leaves Plaintiff to his proofs.

47. Denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state one or more claims upon which relief can be granted as to one or more Defendants.

2. The complaint is barred by estoppel, waiver and/or laches.

3. The complaint is barred by Plaintiff's own conduct.

4. Defendants' conduct was based on legitimate, non-discriminatory business reasons and decisions and was performed in good faith.

5. Plaintiff was an employee at will.

6. Defendants assert all defenses provided by the FLSA and the NJWHL.

7. The complaint is barred or limited by Plaintiff's duty to mitigate damages, if any.

8. The complaint is barred by operation of a statute of limitations or a procedural defect.

9. All claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Law.

10. The complaint is frivolous and/or filed in bad faith for the purposes of harassment and/or delay and/or to gain inequitable advantages and/or to needlessly increase the cost of litigation in violation of NJSA 2A:15-59.1 and FRCP 11.

11. Plaintiff did not keep accurate records of the hours he alleges to have worked and requested to be paid in cash. On information and belief, Plaintiff engaged in insubordinate behavior while working and misappropriated Defendants' proprietary intellectual property and/or trade secrets while allegedly working, which Plaintiff subsequently utilized to open two businesses which compete with similar businesses owned and operated by Defendant Scherzer.

12. Plaintiff has not alleged sufficient facts to indicate any basis for the individual liability of Individual Defendant Ian Scherzer, as nothing is set forth to indicate that Defendant Scherzer utilized the corporate Defendant entity to "defeat the ends of justice, to perpetrate a fraud, to accomplish a crime, or otherwise evade the law." See State. Dept. of Environmental Protection v. Ventron Corp., 94 N.J. 473, 500 (1983); Touch of Class Leasing v. Mercedez-Benz Credit of

Canada, Inc., 248 N.J. Super. 425, 441 (App. Div.), *certif. denied,* 126 N.J. 390 (1991), Richard A. Pulaski Construction Co. v. Air Frame Hangars, Inc., 195 N.J. 457, 472 (2008).

**WHEREFORE** Defendants demand judgment for dismissal or no cause on each such count of the complaint as well as for fees, costs and just other relief as the Court may deem equitable and just.

### DEFENDANTS' RESPONSE TO "WHEREFORE" PARAGRAPH

WHEREFORE Defendants demand judgment against Plaintiff dismissing the Complaint with prejudice, and for an award of costs of suit and counsel fees, and such other relief as the Court may deem equitable and just.

Date: May 20, 2019                                        Respectfully submitted,

/s/ Daryl Kipnis
daryl@kipnislawoffices.com
KIPNIS LAW OFFICES
220 Davidson Ave. 3rd Fl. Ste 3C
Somerset, NJ 08873
Telephone: (732) 595-5298
Fax: (732) 412-7925

Attorney for Defendants

## COUNTERCLAIM

## ALLEGATIONS OF FACT

1. Defendants repeat, re-allege, and rely upon all above paragraphs of the Answer as if fully set forth herein.

2. While Plaintiff purported to be working for Defendants, he was actually actively engaged in a covert scheme with Third-Party Defendant Freddie Lindvor ("Lindvor"), who was a co-owner with Defendant Scherzer of BWC CBD, LLC, a CBD oil products business, and a manager of My Expert Personal Computer, LLC under whom Plaintiff worked, to copy Plaintiff's marketing methods, proprietary intellectual property, customer lists, social media strategies, supply chain contacts, and trade secrets for the purposes of opening one or more competing businesses, designated herein as "ABC Corps 1-10." It is believed that the instant lawsuit was brought for the purposes of deterring and/or intimidating Defendants from initiating claims against Plaintiff related to said conduct, which has caused damage to Defendants' revenue stream.

3. On information and belief, Plaintiff and Lindvor currently own and operate a "mobile" electronic device repair business that visits customers at their homes that operates within the same area as Defendants, as well as a CBD oil products business in Staten Island, NY. Plaintiff is believed to have improperly accessed Defendants' social media accounts to obtain lists of customers for his own purposes while he was supposedly "on the clock" working for Defendants.

4. As a result of the foregoing conduct of Plaintiff, Defendants have been damaged.

## CLAIMS FOR RELIEF

### COUNT ONE: CONVERSION OF CORPORATE OPPORTUNITY

1. Defendants repeat and re-allege all previous allegations of the Answer and Counterclaim as if fully set forth herein.

2. The above-described actions of Plaintiff while he was an employee of Defendants resulted in the conversion of corporate opportunities that would otherwise have been taken by Defendants for Plaintiff's own personal gain.

3. As a direct and proximate result of the above-described actions of the Plaintiff, Defendants have been damaged.

**WHEREFORE** Defendants demand judgment against Plaintiff dismissing the Complaint with prejudice, for an award of compensatory and/or punitive damages, for an award of costs of suit and counsel fees, and such other relief as the Court may deem equitable and just.

## COUNT TWO : UNJUST ENRICHMENT

1. Defendants repeat and re-allege all previous allegations of the Answer and Counterclaim as if fully set forth herein.

2. Plaintiff's conduct in misappropriating the assets, instrumentalities, trade secrets, social media strategies, customer lists, and other business advantages of Defendants while Plaintiff was employed by Defendants have caused Plaintiff to become unjustly enriched, and Plaintiff has failed to disgorge said gain(s).

3. As a direct and proximate result of the above-described actions of the Plaintiff, Defendants have been damaged.

4. **WHEREFORE** Defendants demand judgment against Plaintiff dismissing the Complaint with prejudice, for an award of compensatory and/or punitive damages, for an award of costs of suit and counsel fees, and such other relief as the Court may deem equitable and just.

## COUNT THREE – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

1. Defendants repeat and re-allege all previous allegations of the Answer and Counterclaim as if fully set forth herein.

2. Plaintiff's misconduct while employed by Defendants created a reasonable expectation that Plaintiff was working to further Defendants' business goals as their employee and thus gain economic advantage, however, Plaintiff interfered with this advantage intentionally and with malice to obtain Defendants' trade secrets, social media marketing

strategies, customer lists, and other proprietary assets of Defendants for the purposes of opening competing businesses with Third-Party Defendant Lindvor, said interference caused the loss of expected advantage, and the injury caused economic damage to Plaintiff.

3. As a direct and proximate result of the above-described actions of the Plaintiff, Defendants have been damaged.

**WHEREFORE** Defendants demand judgment against Plaintiff dismissing the Complaint with prejudice, for an award of compensatory and/or punitive damages, for an award of costs of suit and counsel fees, and such other relief as the Court may deem equitable and just.

Date: May 20, 2019                                                    Respectfully submitted,

/s/ Daryl Kipnis
daryl@kipnislawoffices.com
KIPNIS LAW OFFICES
220 Davidson Ave. 3rd Fl. Ste 3C
Somerset, NJ 08873
Telephone: (732) 595-5298
Fax: (732) 412-7925

Attorney for Defendants

## THIRD-PARTY COMPLAINT

1. Defendants repeat, re-allege, and rely upon all above paragraphs of the Answer as if fully set forth herein.

2. Although Defendants deny the allegations of the Complaint, to the extent that Defendant Ian Scherzer is found liable for any damages claimed by Plaintiff with respect to BWC CBD, LLC, an entity which employed Plaintiff at times relevant to the Complaint, and which Third-Party Defendant Freddie Lindvor was, at all relevant times, a 50% equity co-owner with Defendant Scherzer, Defendant Scherzer seeks indemnification and/or contribution from Third-Party Defendant with respect to same.

3. Additionally, Defendants assert the same direct claims for damages as against Third-Party Defendant Freddie Lindvor as were asserted in the Counterclaim against Plaintiff, jointly and severally, to the extent provided by law.

4. As a result of the foregoing conduct of Plaintiff, Defendants have been damaged.

**WHEREFORE** Defendants demand judgment against Third-Party Defendant Freddie Lindvor for indemnification and contribution, for an award of compensatory and/or punitive damages, for an award of costs of suit and counsel fees, and such other relief as the Court may deem equitable and just.

Date: May 20, 2019                                          Respectfully submitted,

/s/ Daryl Kipnis
daryl@kipnislawoffices.com
KIPNIS LAW OFFICES
220 Davidson Ave. 3rd Fl. Ste 3C
Somerset, NJ 08873
Telephone: (732) 595-5298
Fax: (732) 412-7925

Attorney for Defendants

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand trial by jury on all issues so triable pursuant to FRCP 38.

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiffs certify that the matter in controversy in this action is not the subject of any other action now pending or contemplated.

May 20, 2019                                          KIPNIS LAW OFFICES

/s/ Daryl Kipnis
daryl@kipnislawoffices.com
220 Davidson Ave. 3rd Fl. Ste 3C
Somerset, NJ 08873
Telephone: (732) 595-5298
Fax: (732) 412-7925

Attorney for Plaintiff